UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>  Plaintiff,<br><br>  v.<br><br>SPRING MOUNTAIN TREATMENT CENTER,<br><br>  Defendant. | NO. CV 18-5114-CBM (AGRx)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED TO THE DISTRICT OF NEVADA |

On June 8, 2018, the pro se Plaintiff Ronald Satish Emrit filed a complaint, explaining that he is a resident of Nevada (although his mailing address is in Maryland) and invokes diversity jurisdiction to sue the sole defendant, a healthcare firm based in Las Vegas, for common-law torts and breach of contract. For the following reasons, the Court orders Plaintiff to show cause in writing, by no later than *July 5, 2018,* why the Court should not transfer the case to the District of Nevada.

## **ALLEGATIONS IN THE COMPLAINT**

Plaintiff alleges that the sole defendant, Spring Mountain Treatment Center ("SMTC"), a Las Vegas-based medical entity, breached a contract with him and

1 was negligent in caring for him in June of 2017.  He also alleges that he met a
2 woman at SMTC who became his girlfriend, and, because her parents "were
3 racist" in an unspecified way, he vicariously blames SMTC for its "intentional
4 infliction of emotional distress."

## **VENUE PROPERLY LIES IN THE DISTRICT OF NEVADA**

6 "A civil action may be brought in (1) a judicial district in which any
7 defendant resides, if all defendants are residents of the State in which the district
8 is located, (2) a judicial district in which a substantial part of the events or
9 omissions giving rise to the claim occurred, or a substantial part of property that is
10 the subject of the action is situated, or (3) if there is no district in which an action
11 may otherwise be brought as provided in this section, any judicial district in which
12 any defendant is subject to the court's personal jurisdiction with respect to such
13 action." 28 U.S.C. § 1391(b).  When a case is filed in a district in which venue is
14 entirely misplaced, the district court "shall dismiss, or if it be in the interest of
15 justice, transfer such case" to a district in which venue properly lies.  28 U.S.C.
16 § 1406(a).  When a case is filed in a district when venue is proper but a different
17 district is more convenient for the parties and witnesses, then, "in the interest of
18 justice, a district court may transfer [the] action to any other district or division
19 where it might have been brought or to any district or division to which all parties
20 have consented." 28 U.S.C. § 1404(a).

21 Venue does not lie in the Central District of California.  Plaintiff alleges that
22 the sole defendant's principal place of business is in Las Vegas, Nevada, not in
23 this district.  All of the underlying alleged events and omissions occurred in Las
24 Vegas, not in this district. (Comp. ¶ 5.)

25 It appears appropriate to invoke 28 U.S.C. § 1406(a) to transfer this case to
26 the District of Nevada.  Venue plainly lies there, for that is the district in which the
27 only defendant resides and in which all of the underlying alleged acts or
28 omissions occurred.  The interests of justice will be better served by transferring

2

the case there pursuant to 28 U.S.C. § 1404(a).

District courts may raise sua sponte the issue of improper or inconvenient venue, so long as they give the affected parties an opportunity to be heard before ordering a transfer. *Costlow v. Weeks*, 790 F.2d 1488 (9th Cir. 1986) (affirming § 1406(a) transfer made after a show-cause order and opportunity to be heard).

IT IS THEREFORE ORDERED that, by no later than ***July 5, 2018***, Plaintiff shall show cause in writing why the action should not be transferred to the United States District Court, District of Nevada, on grounds of improper or inconvenient venue. If Plaintiff does not file a timely response to this order, then the action may be transferred to the District of Nevada.

DATED: June 13, 2018

_____
ALICIA G. ROSENBERG
United States Magistrate Judge